IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JASON R. ELLSWORTH, and JASON ELLSWORTH, individually, and R. GRANT SMITH, individually,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITED BUSINESS BROKERS OF UTAH, LLC, et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:09-CV-00353DAK<br><br>Judge Dale A. Kimball |

This matter is before the Court on Plaintiffs Jason R. Ellsworth and R. Grant Smith's Motion to Compel Mediation. The motion is fully briefed and neither party has requested a hearing. The Court does not believe that a hearing would significantly aid in its determination of this motion. Having fully considered the motion and memoranda submitted by the parties and the facts and law relevant to this motion, the Court enters the following Memorandum Decision and Order.

## BACKGROUND

In the parties' stipulated Second Amended Scheduling Order, it states that the probability of settlement in this matter is "good." Based on this representation, Plaintiffs allege that they attempted to engage Defendants in settlement discussions and have suggested mediation to Defendants. However, Plaintiffs allege that Defendants have been non-responsive. Defendants

assert that they have not engaged in settlement discussions because they think that Plaintiffs claims are wholly without merit and settlement efforts would be unproductive.

## DISCUSSION

Based on Defendants' stipulation in the parties' Second Amended Scheduling Order that settlement prospects in this case are good, Plaintiffs move the Court to compel Defendants to participate in mediation. Plaintiffs, however, do not suggest that Defendants' stipulation constitutes an agreement to engage in settlement discussions or mediation separate from the court-ordered settlement evaluation and conference. Plaintiffs also do not allege that there was any other contractual agreement between the parties that would require mediation. Plaintiffs have not provided any relevant case law to suggest this Court could or should compel Defendants to participate in mediation under the present circumstances. Moreover, the court-annexed ADR/mediation program is solely voluntary. Absent a contractual agreement or supporting case law, this Court declines to compel a defendant to participate in mediation that it believes would be unproductive. Accordingly, Plaintiffs' Motion to Compel is DENIED.

DATED this 16th day of January, 2013.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Judge