IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. JASON R. ELLSWORTH, and R. GRANT SMITH,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED BUSINESS BROKERS OF UTAH, LLC, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:09CV353DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Defendants' Motion and Memorandum in Support of Dismissal and/or Partial Summary Judgment.  Defendants seek summary judgment on Plaintiffs' False Claims Act claim and dismissal for lack of subject matter jurisdiction over Plaintiffs' remaining state law claims.  In the event the court elects to retain jurisdiction over Plaintiffs' state law claims, Defendants seek dismissal of those claims as a matter of law.

Plaintiffs have not opposed Defendants' motion.  However, Defendants request that the court review and rule on its motion due to a dispute between the parties and the United States as to whether the False Claims Act cause of action has been settled without the United States' consent.  Because of that dispute, the court has reviewed Defendants' motion on the merits and issues the following Memorandum Decision and Order on the motion.

Plaintiffs' False Claims Act cause of action alleges that Defendants committed fraud against the federal government by falsifying financial information given to the Small Business

Administration ("SBA") as part of the loan-approval process, engaging in "two-document" closings in which the SBA was not given an accurate representation of the actual transaction, and falsifying general corporate records presented to the SBA.  The False Claims Act provides that any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" paid or approved by the federal government may be liable for civil penalties.  31 U.S.C. § 3729(a).

      Defendants are entitled to summary judgment on Plaintiffs' False Claims Act cause of action because the undisputed facts provide no basis for recovery.  There is no evidence in this case that Defendants' representations to the SBA were false or material to the SBA's funding decisions.  There is no evidence that Phillips, a CPA who operated an independent accounting firm that provided services to Defendants, made any modifications to documents that were false or fraudulent.  Plaintiffs' speculation as to her activities proved to be unfounded in discovery.  In addition, Plaintiffs have no foundation for asserting that the alleged "two-document" closings were fraudulent.  Moreover, Defendants admit to creating meeting minutes after-the-fact, but there is no evidence that they included anything in the meeting minutes that misrepresented what happened in the meeting.  Therefore, there is no evidence in the record that Defendants submitted any information to the SBA or its affiliated lenders that was false or misleading.  Furthermore, there is no evidence that any of the alleged "false" information was material to the SBA's funding decisions.  There is no evidence that anyone affiliated with the SBA reviewed or relied upon any back-dated corporate records.  Accordingly, the court grants Defendants' motion for summary judgment on Plaintiffs' False Claims Act cause of action.

      Having dismissed the only cause of action providing this court with original jurisdiction,

the court declines to exercise supplemental jurisdiction over Plaintiffs' remaining state law causes of action. 28 U.S.C. § 1367(c)(3). Accordingly, the court dismisses Plaintiffs' remaining state law causes of action without prejudice. *Roe v. Cheyenne Mountain Conf. Resort*, 124 F.3d 1221, 1237 (10th Cir. 1997).

Based on the above reasoning, Defendants' Motion for Dismissal and/or Partial Summary Judgment is GRANTED. With respect to Plaintiffs' cause of action under the False Claims Act, the court grants summary judgment in favor of Defendants and dismisses the cause of action with prejudice. With respect to Plaintiffs' remaining state law causes of action, the court declines to exercise supplemental jurisdiction and dismisses the causes of action without prejudice to being pursued in state court.

DATED this 2d day of July, 2013.

BY THE COURT:

*[signature: Dale A. Kimball]*

DALE A. KIMBALL
United States District Judge